### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

NORA HOLLOWAY                                                    **PLAINTIFF**

v.                                      **5:17-cv-16-DPM**

STANT USA CORP.; and
PATRICK FENTON                                                  **DEFENDANTS**

### AGREED PROTECTIVE ORDER

This action is for alleged race discrimination, retaliation, and FLSA violations, and discovery pertaining to these causes of action may involve: (1) confidential personnel information of current and former employees of Defendant; (2) confidential business information of Defendant; and (3) confidential financial or personal health information of the Plaintiff.  Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and in accordance with 45 CFR § 164.512(e)(1)(ii)(B) and (v), and the stipulation of the parties,

**IT IS ORDERED THAT** the following provisions and conditions shall apply to (1) confidential personnel information of current and former employees of Defendant; (2) confidential business information of Defendant; and (3) confidential financial or medical information of the Plaintiff, filed by or obtained from either party or their counsel or any other person or entity in the above-captioned matter (including but not limited to, disclosures, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and transcripts, motions, briefs, declarations and

affidavits, and all information contained therein or obtained therefrom):

1.      To protect PHI, the parties may designate all documents, things, or information produced in or obtained through discovery containing PHI, or any portion thereof, as "Confidential." This designation shall be made in good faith. For purposes of this Order, PHI shall mean all references to the identity, diagnosis, prognosis, or treatment of plaintiff.  It is not anticipated that Plaintiff will be seeking PHI of Defendant Fenton or Stant employees.  However, if for some reason such information were produced, it would be subject to these same protections. Transcripts of depositions or hearings which contain references to PHI may likewise be considered confidential under this Order and subject to the same treatment as other PHI.

2.      Similarly, the parties may designate other personal employment information of Defendants' current and former employees and confidential business information of Defendants as "Confidential." This designation shall be made in good faith.

3.      The parties and their counsel and any and all employees of counsel shall not disclose any PHI or any other testimony, documents, or things designated as Confidential, to any third parties other than each other, the Court, Court personnel, jurors, witnesses in litigation as necessary, and covered experts and litigation vendors covered by Paragraph 6.  Such PHI or other testimony, documents, or things designated as Confidential shall not be used for any purposes other than in pleadings, preparation and presentation of proof for this litigation. Whenever practical in transcripts, pleadings or other submissions or offers of proof to the Court, the parties shall redact PHI or other confidential information.  Where redaction is not practical, the parties shall file such transcripts, pleadings or other submissions under seal with the clerk of the court.

4.      All material designated as Confidential shall be treated as such until the termination of this action, or until the party objecting to the designation obtains an order from the Court to the effect that such documents or information can be disclosed or used for some other purpose. All material filed under seal with the Court shall remain under seal until otherwise ordered by the Court.

5.      Upon final termination of this action, all persons subject to this Order shall destroy or return all Confidential material containing PHI (and all documents containing information referring to or derived therefrom), including all copies thereof (except privileged communications or attorney work product) to Defendants' counsel.  Upon request counsel for a party shall certify to counsel for the opposing party that all such materials designated as Confidential for purposes of this action have either been returned or destroyed.  This certification shall be made within a reasonable time after request.  All persons subject to this Order may maintain Confidential material which does not include any PHI for a period of three years after this action is terminated, after which such information shall be destroyed or returned to the opposing party's counsel.  Upon request, counsel for a party shall certify to counsel for opposing party that all materials designated as Confidential for purposes of this action have either been returned or destroyed within a reasonable time of the request.

6.      Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, the parties and their counsel are expressly and specifically AUTHORIZED to disclose PHI as necessary for the prosecution and defense of this litigation to, or before any consulting or testifying expert, court reporter service, videographer service, translation service, photocopy service, document management service, records

3

management service, graphics service, or other such litigation service, designated by a party or a party's legal counsel in this case on the condition that each of these third parties signs an agreement to abide by the terms of this Protective Order (attached as Exhibit A). Each party or the party's legal counsel is charged with obtaining the advance consent of these third parties to comply with this Order.  Upon giving consent, the expert or service provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of the above-styled matter for purposes of enforcement of this order, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

7.      Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to this litigation, including but not limited to depositions or trial, are specifically and expressly authorized to use and disclose the PHI of a party in any form at such judicial proceeding and the parties' legal counsel are charged with advising such witnesses of their obligation to otherwise maintain the confidentiality of PHI.

8.      Through counsel, the parties may agree to any specific disclosure of PHI or other Confidential information (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Order as to the use of that document or thing.

9.      Inadvertent disclosure of PHI (or any information contained therein or derived therefrom) or any other Confidential information (or any information contained therein or derived therefrom) shall not be deemed to waive any of the rights provided herein.

10.     Nothing in this Order, or any designation or declaration pursuant to this Order, shall constitute, or be used by any party as an "admission by party opponent."

11.     Any dispute as to whether material is covered by this Order will be handled according to the Final Scheduling Order protocol on discovery disputes.

12.     The parties will comply with Fed. R. Civ. Proc. 5.2's redaction mandates, and will attempt to use the procedures set out therein before seeking to file under seal.

13.     This Order shall continue in effect, and the Court shall retain jurisdiction to enforce, construe or modify its terms, for one year after the termination of this litigation.

SO ORDERED this _15th_ day of _March_, 2017.


_____
UNITED STATES DISTRICT JUDGE



APPROVED & CONSENTED TO:



/s/ Cary Schwimmer
CARY SCHWIMMER
Tennessee Bar No. 014026
Law Offices of Cary Schwimmer
1661 International Place Drive, Suite 400
Memphis, TN 38120
Voice: 901-753-5537
Fax: 901-737-6555
Email: cschwimmer@schwimmerfirm.com

/s/ Spencer F. Robinson
SPENCER F. ROBINSON, Ark. Bar No. 77111

Ramsay, Bridgforth, Robinson & Raley LLP
P.O. Box 8509

Pine Bluff, AR 71611
Voice: (870) 535-9000
Fax: (870) 535-8544
Email: spencerrobinson@ramsaylaw.com

**ATTORNEYS FOR DEFENDANTS**

Lucien Gillham
Sutter & Gillham, PLLC
P.O. Box 2012
Benton, AR 72018
501-315-1910 Office
501-315-1916 Facsimile
Lucien.Gillham@gmail.com

/s/ Lucien Gillham
Lucien Gillham, AR Bar #99199

**ATTORNEY FOR PLAINTIFF**

## EXHIBIT A

ACKNOWLEDGMENT

My name is _____.

     I am aware that a Protective Order has been entered in the above-captioned action, and a copy of this order has been given to me.

     I promise that any documents, information, materials, or testimony, that are protected under the Protective Order entered in this case and designated as Confidential will be used by me only in connection with the above-captioned matter. I further promise that I will comply with the requirements of the Protective Order with respect to my use, including the possible filing of information covered thereby.

     I promise that I will not disclose or discuss such protected materials and information with any person other than those individuals permitted by the Order to review such materials.

_____
Signature

_____
Print Name

_____
Date

Witness:_____

Date:_____

7